UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **DIANE MIKULIN,** } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 1:19-mc-01590-MHH |
| } | |
| **LAW SOLUTIONS CHICAGO,** } | |
| **LLC; UPRIGHT LAW, LLC,** } | |
| } | |
| Defendants. } | |

## MEMORANDUM OPINION AND ORDER

Ms. Mikulin filed her complaint against defendants Law Solutions Chicago, LLC and Upright Law, LLC as an adversary proceeding in the United State Bankruptcy Court for the Northern District of Alabama as part of her Chapter 7 bankruptcy case. Adversary case No. 19-80024. Ms. Mikulin alleges, on behalf of herself and a nationwide class, that the defendants violated 11 U.S.C. § 526. (Doc. 1-2, p. 7, ¶ 1). Ms. Mikulin would like to litigate her § 526 claims against the defendants in this district court rather than in the bankruptcy court.

District courts have "original and exclusive jurisdiction of all cases under title 11" of the Bankruptcy Code. 28 U.S.C. § 1334(a). Pursuant to 28 U.S.C. § 157(a), a district court may refer a bankruptcy case to bankruptcy court. This Court referred Ms. Mikulin's bankruptcy proceeding to the Bankruptcy Court in this district. Ms.

Mikulin asks this Court to withdraw the reference with respect to her complaint against the defendants because, she argues, resolution of the adversary matter will "require[] substantial and material consideration of issues of law and fact outside the [Bankruptcy] Code, such [as] the application of extra-territorial class action principles [under Rule 23]." (Doc. 11, p. 1).

After a district court refers a bankruptcy case to a bankruptcy court, 28 U.S.C. § 157(d) governs requests to withdraw the reference. The first sentence of § 157(d) contemplates permissive withdrawal; the second sentence addresses mandatory withdrawal. Section 157(d) states that a district court:

> may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d)

The mandatory withdrawal language in 28 U.S.C. § 157(d) does not apply in this case. Ms. Mikulin alleges that the defendants violated 11 U.S.C. § 526(a)(4). (Doc. 1-2, p. 7). A provision of the Bankruptcy Code, § 526 governs restrictions on debt relief agencies. Because this Bankruptcy Code provision will govern the merits of Ms. Mikulin's claim against the defendants, the merits of her claim will not require analysis of "other laws of the United States."

2

Ms. Mikulin argues that withdrawal is mandatory because her request for class treatment of her § 526 claim raises a substantial question of federal law, namely the extent to which a bankruptcy court may certify a class action under Rule 23 of the Federal Rules of Civil Procedure. (Doc. 11, p. 6). Rule 23 is not part of title 11, so Rule 23 may qualify as "other law[] of the United States," but Rule 23 does not "regulat[e] organizations or activities affecting interstate commerce" within the meaning of § 157(d). Rule 23 is a federal procedural rule designed to help parties and courts manage litigation. As Rule 1 of the Federal Rules of Civil Procedure states:

> These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.

Fed. R. Civ. P. 1.

At some level, litigation impacts organizations and activities affecting interstate commerce, but impacting is not synonymous with regulating. Under § 157(d), mandatory withdrawal requires, at minimum, the presence of a non-Bankruptcy Code federal law that has "more than a *de minimis* effect on interstate commerce." *In re Rimsat, Ltd.*, 196 B.R. 791, 797 (N.D. Ill. 1995) (quoting *In re Anthony Tammaro, Inc.*, 56 B.R. 999, 1007 (D.N.J. 1986), and citing *In re Nat'l Gypsum Co.*, 145 B.R. 539, 541 (N.D. Tex. 1992)); *see also Hatzel & Buehler, Inc.*

*v. Orange & Rockland Utils., Inc.*, 107 B.R. 34, 38 (D. Del. 1989) (explaining that OSHA statute is the sort Congress had in mind in enacting § 157(d) because it is "rooted in the commerce clause"). A federal law has more than a *de minimis* effect on interstate commerce if the law creates the substantive rights and duties of the parties to a lawsuit, and those rights and duties are "essential to resolution of the case on the merits." *In re Coe-Truman Techs., Inc.*, 214 B.R. 183, 186 (N.D. Ill. 1997). Federal laws that "deal[] generally with the organization, jurisdiction, structure, and procedures of the federal judiciary" do not "regulat[e] organizations or activities affecting interstate commerce" within the meaning of § 157(d). *In re Coe-Truman*, 214 B.R. at 186; *see also In re Rimsat*, 196 B.R. at 797–98.

Where, as in this case, a plaintiff sues on behalf of herself and others similarly situated, Rule 23 provides the standard for determining whether a court may certify a plaintiff class. But Rule 23 does not create the underlying cause of action or govern the merits of the plaintiff's claim. Thus, under § 157(d), the presence of a class certification issue under Rule 23 of the Federal Rules of Civil Procedure does not trigger mandatory withdrawal of an adversarial proceeding.[1]

---

[1] As a practical matter, if the presence of a procedural issue in an adversarial matter could serve as the basis for mandatory withdrawal of a bankruptcy court reference, district courts would have to withdraw the reference for virtually every adversarial proceeding, rendering the permissive component of § 157(d) superfluous. *See In re Coe-Truman*, 214 B.R. at 186 (noting that a reading of § 157(d) that allowed procedural or jurisdictional issues to trigger mandatory withdrawal would lead to many "anomalous" results); *In re Rimsat*, 196 B.R. at 797 (same). This cannot be what Congress intended when it enacted § 157(d), and the Court will not read the statute to effect such

4

That leaves permissive withdrawal. As noted, under § 157(d), a district court may withdraw all or any part of a case or proceeding "for cause shown." 28 U.S.C. § 157(d). To determine whether cause exists, the Eleventh Circuit Court of Appeals has directed district courts to "consider such goals as advancing the uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process." *Dionne v. Simmons (In re Simmons)*, 200 F.3d 738, 742 (11th Cir. 2000) (quoting *In re Parklane/Atlanta Joint Venture*, 927 F.2d 532, 536 n.5 (11th Cir. 1991)). Courts also may consider: "(1) whether the claim is core or non-core; (2) efficient use of judicial resources; (3) a jury demand; and (4) prevention of delay." *In re Price*, No. 2:06-mc-3317-MHT, 2007 WL 2332536, at *2 (M.D. Ala. Aug. 13, 2007) (quotations and citations omitted).

Ms. Mikulin argues that permissive withdrawal "would advance the uniformity of bankruptcy proceedings" and "promote the efficient use of the Parties' and th[is] Court's resources" by avoiding "future appeals back to this Court" concerning Ms. Mikulin's request for certification of a nationwide class. (Doc. 11, p. 5). Significantly, Ms. Mikulin has not asked for a limited withdrawal solely for litigation of the class certification issue. Instead, she has requested withdrawal of

---

a result. *See United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242 (1989) (noting that courts should interpret the Bankruptcy Code in a way that avoids absurd results).

her adversarial action. (Doc. 1). The Bankruptcy Court is familiar with the parties in the adversary proceeding. *See In re White*, No. 17-400093-JJR, 2018 WL 1902491, at *1 (Bankr. N.D. Ala. Apr. 19, 2018) (noting adversary proceeding that previously was filed against Law Solutions Chicago by Bankruptcy Administrator on behalf of Ms. Mikulin). And the Bankruptcy Court is well-situated to handle Ms. Mikulin's § 526 claim efficiently. Actions under 11 U.S.C. § 526 are "core" proceedings. "Core proceedings are narrow in scope and include only those cases that implicate the property of the bankruptcy estate and either invoke substantive rights created by federal bankruptcy law or that exist exclusively in the bankruptcy context." *Wortley v. Bakst*, 844 F.3d 1313, 1318 (11th Cir. 2017) (citing *In re Toledo*, 170 F.3d 1340, 1347–48 (11th Cir. 1999)). Thus, judicial economy supports continued referral to the Bankruptcy Court.

Moreover, the cases that Ms. Mikulin cites in favor of her motion to withdraw the reference are cases in which the bankruptcy courts decided the plaintiffs' motions for class certification. (Doc. 1, p. 1) (citing *In re Finley*, 2016 WL 519631, at *1 (Bankr. N.D. Ala. Feb. 9, 2016), and *In re Noletto*, 244 B.R. 845 (Bankr. S.D. Ala. 2000)). As in those cases, if a party is dissatisfied with the Bankruptcy Court's decision on the class certification issue in this case, the party may request an interlocutory appeal, and this Court may decide whether to hear the issue interlocutorily on the record developed in the bankruptcy court. 28 U.S.C. § 158(a);

*see Chrysler Financial Corp. v. Powe*, 312 F.3d 1241, 1245–46 (11th Cir. 2002). Because there may or may not be an appeal (there is no record of an appeal in *Finley*), and because this Court may or may not decide that an interlocutory appeal is warranted if a party requests such an appeal (the district court declined a motion for interlocutory appeal in *Noletto*, 2000 WL 726904, at *1 (S.D. Ala. May 1, 2000)), withdrawal of the reference will not necessarily increase efficiency with respect to the class certification/subject matter jurisdiction issue.

For the reasons stated above, the Court denies Ms. Mikulin's motion to withdraw the reference. (Doc. 1). The Court will enter a separate order closing this matter.

**DONE** and **ORDERED** this January 31, 2020.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE